1
2
3                      UNITED STATES DISTRICT COURT
4                           DISTRICT OF NEVADA
5                                  * * *
6    TERON FRANKLIN,                          Case No. 3:25-cv-00247-MMD-CLB
7                           Petitioner,                      ORDER
8         v.
9    N. BRIETENBACH, *et al.*,
10                          Respondents.

11   **I.    SUMMARY**

12         This matter is before the Court for initial review of Petitioner Teron Franklin's *pro*

13   *se* 28 U.S.C. § 2254 petition for writ of habeas corpus under the rules governing § 2254

14   cases.[1] (ECF No. 1-1 ("Petition").) Also before the Court is Franklin's application to

15   proceed *in forma pauperis*. (ECF No. 1 ("IFP Application").) The Court, grants the IFP

16   Application, dismisses without prejudice the Petition for lack of jurisdiction, and directs

17   the Clerk of Court to close this case.

18   **II.   BACKGROUND**

19         Franklin challenges a 2012 state conviction and sentence.  The state court entered

20   a judgment of conviction for battery causing substantial bodily harm. Franklin was

21   adjudicated a habitual offender and the state court sentenced him to life in prison without

22   the possibility of parole. Following direct appeal, the Nevada Supreme Court affirmed the

23   judgment of conviction. The Nevada court of appeals affirmed the denial of Franklin's

24   state postconviction habeas petition in February 2018. Franklin acknowledges that he has

25   previously challenged the judgment of conviction at issue in this case in federal court, and

26
27   _____
           [1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the
     rules governing § 2254 cases in the United States District Courts. Petitioner filed the
28   petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as
     authorized by Habeas Rule 1(b).

1    his federal habeas petition was denied on the merits. (ECF No. 1-1 at 1-2.)

2    **III.   DISCUSSION**

3         Franklin was denied federal habeas corpus relief in 2021. (ECF Nos. 48, 49.) *See*

4    *Franklin v. Filson*, Case No. 3:18-cv-002150-MMD-CLB. The Antiterrorism and Effective

5    Death Penalty Act generally limits habeas petitioners to one round of federal habeas

6    review. *See* 28 U.S.C. § 2244. Franklin has already received federal habeas review of his

7    conviction. To receive further collateral review, he must secure permission from the Ninth

8    Circuit to file a second or successive § 2254 habeas petition.[2] *See Brown v. Muniz*, 889

9    F.3d 661, 667 (9th Cir. 2018) (noting that under § 2244(b)(3), federal district courts lack

10   jurisdiction to entertain a petitioner's successive habeas petition absent permission from

11   the court of appeals to do so). Although Franklin has attached an application for leave to

12   file a second or successive petition, he must submit such application to the Ninth Circuit

13   and make the requisite showing to convince the Ninth Circuit to grant him leave to file his

14   second or successive habeas petition. Franklin is directed to consult Ninth Circuit Rule

15   22-3 for further information. Accordingly, the Court denies the Petition and dismisses this

16   action without prejudice to its refiling, should Franklin obtain permission to do so from the

17   Ninth Circuit.

18   **IV.   CONCLUSION**

19         It is therefore ordered that Petitioner Teron Franklin's petition for writ of habeas

20   corpus (ECF No. 1-1) is dismissed without prejudice as to its refiling, should Franklin

21   obtain permission from the Ninth Circuit.

22         It is further ordered that Franklin's IFP Application (ECF No. 1) is granted.

23         The Clerk of Court is further directed, under Rule 4 of the Rules Governing Section

24   2254 Cases, to make informal electronic service upon the respondents by adding Nevada

25   Attorney General Aaron D. Ford as counsel for the respondents and to provide the

26

27         [2]The All Writs Act, 28 U.S.C. § 1651, allows the Court to grant extraordinary writs

28   where the Court has jurisdiction. *See Syngenta Crop Protection*, *Inc. v. Henson*, 537 U.S. 28, 33-34 (2002). Thus, it does not provide an independent basis for jurisdiction for a petition for a writ of mandamus or prohibition. *See id.*

respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  No response is required from respondents other than to respond to any orders of a reviewing court.

It is further ordered that that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the Petition to be debatable or wrong.

The Clerk of Court is further directed to enter final judgment accordingly and close this case.

DATED THIS 24th Day of June 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE